IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JAMES HENRY SIMPSON,**

    Plaintiff,

v.                                                               Civil Action No. **3:17CV470**

**CIRCUIT COURT OF CITY OF RICHMOND,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forms pauperis* filed this 42 U.S.C. § 1983,[1] action and a subsequent document entitled "Facts." (ECF No. 14.) By Memorandum Order entered on January 25, 2018, the Court directed Plaintiff to file a Particularized Complaint. (ECF No. 16.) Plaintiff filed a Particularized Complaint (ECF No. 17); however, this document failed to comport with the directives of the Court. Rather, Plaintiff submitted a fifty-page, rambling narrative of his state court proceedings and the purported wrongdoings of every attorney or judge involved. By Memorandum Opinion and Order entered on February 22, 2018, the Court directed Plaintiff to file a second particularized complaint and explained the following to Plaintiff:

> The Particularized Complaint fails to comply with Federal Rule of Civil Procedure 8(a). That rule provides:

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
> 
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> 
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> 
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Plaintiff fails to provide a short and plain statement of his claim. The Court will not consider any future Particularized Complaint that fails to comply with Federal Rule of Civil Procedure 8(a).

Accordingly, Plaintiff is DIRECTED, within fourteen (14) days of the date of entry hereof, to particularize his complaint in conformance with the following directions and in the order set forth below:

    a.    At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:17CV470."

    b.    The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff shall also include a prayer for relief.

    c.    The particularized pleading will SUPPLANT the prior complaints. The Court will not consider any allegations made outside of the particularized complaint or included in filings entitled "Facts." The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints or other documents.

**<u>FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.</u>** *See* Fed. R. Civ. P. 41(b).

Federal Rule of Civil Procedure 18(a) provides that: "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Nevertheless, when a plaintiff seeks to bring multiple claims against multiple defendants, he must also satisfy Federal Rule of Civil Procedure 20 which provides:

2

> **(2) *Defendants.*** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.
>
> Fed. R. Civ. P. 20(a)(2). "Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03cv00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). Accordingly, Plaintiff's Particularized Complaint must also comport with the joinder requirements. If Plaintiff fails to submit an appropriate Particularized Complaint that comports with the joinder requirements, the Court will drop all defendants not properly joined with the first named defendant.

(ECF No. 18, at 1–3.)

On March 12, 2018 and March 20, 2018, the Court received Plaintiff's four-part Second Particularized Complaint. (ECF Nos. 19–22.) Plaintiff has once again failed to follow the directives of the Court. Plaintiff's Second Particularized Complaint is at least fifty pages and is comprised of a rambling narrative of his ongoing state court proceedings and the purported wrongdoings of every attorney or judge involved in those proceedings. Indeed, it appears that this Second Particularized Complaint is just a copied version of the original Particularized Complaint that the Court has already deemed deficient. Although Plaintiff's *pro se* status makes him "entitled to some deference," it does not relieve him of his duty to abide by the rules and orders of this Court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (citation omitted). Plaintiff has refused repeatedly to comply with the Court's directives.[2] Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

---

[2] Moreover, Plaintiff's Second Particularized Complaint appears like an attempt to harass those individuals involved in obtaining his criminal conviction. *Cf. Saub v. Phillips*, No. 3:16CV414, 2017 WL 1658831, at *9 (E.D. Va. May 1, 2017), *aff'd*, 669 F. App'x 179

3

An appropriate Order will accompany this Memorandum Opinion.

Date: 3/29/18
Richmond, Virginia

/s/ /S/
John A. Gibney, Jr.
United States District Judge

---

(2017) (dismissing as malicious action brought against judges and attorneys involved in state criminal prosecution where tone of allegations "indicates that he is bringing his suit merely to satisfy his desire for vengeance against [those involved in securing his incarceration]" (alteration in original)).